PETITION OF VOORHIS.

*Assessment — acts of assessors presumptively valid — New York city — assessment for street improvements — what is not fraud in — irregularity — what is not substantial.*

Local assessors, within the line of their duty, act quasi-judicially, and the court will not interfere with the exercise of their reasonable discretion.

In an assessment for paving a street, two lots which were within the area legally liable to assessment, but which did not front on any street, and which, at most, would have been liable to only a nominal assessment, were not assessed. *Held*, that there being no proof of actual fraud, the omission in question would not be legal fraud, such as would invalidate the assessment.

VOL. V, N. Y. REP. — 44

The petitioner claimed that certain of his lots were not within the distance lia-
ble to assessment. *Held*, that it was upon him to show that fact clearly and
without doubt.

It was claimed that cross-walks were illegally included in, the contract for
which the assessment was made. *Held*, that if this was irregular, the most
that would be done would be a reduction of the assessment, but that, without
proof of fraud, it would not be held to be a substantial irregularity.

APPEAL by the mayor, aldermen and commonalty of the city of
New York, from an order at special term, vacating an assessment
upon lands of the petitioner, John D. Voorhis, for paving Fifty-
eighth street, in the city of New York, from Sixth to Ninth
avenue.

The order was granted upon the ground that there was a fraud
in law in omitting the assessment of two lots within the area
required by the statute to be assessed. The two lots were between
Fifty-eighth and Fifty-ninth streets, fronting upon a circle run-
ning from Eighth avenue to Fifty-ninth street. The other facts
sufficiently appear in the opinion.

*E. Delafield Smith* and *Wm. Barnes*, for appellants.

*John S. Lawrence*, for respondent.

BARRETT, J. The assessment in this case was vacated by the
special term, upon the single ground that two lots, liable to assess-
ment, were excluded therefrom, and that such exclusion constituted
"a fraud in law." The assessors are public officers, entitled to the
legal presumption of a proper performance of duty. Here the pre-
liminary proceedings were regular, and the assessors lawfully
acquired jurisdiction over the subject-matter.

Within the line of their duties, they act *quasi judicially*, and the
court will not interfere with the exercise of their reasonable discre-
tion. We think the special term erred in the doctrine laid down,
and that the true rule is to require proof of actual fraud in fact,
before invalidating an assessment upon the ground stated. *Riches'*
*Case,* 12 Abb. 118. In the present case there is no direct proof of
fraud, nor do the facts justify any such legal inference. The lots
omitted were, it is true, within the half block, but they fronted
neither upon the street which was being paved nor upon the inter-
secting avenue, but upon what is known as the "circle."

The front lot upon Fifty-eighth street was fully assessed ; the lot immediately in its rear, part of which faced upon Eighth avenue, was moderately assessed, evidently with a view to the work done at the intersection of the street ; and the two small and irregular lots still further in the rear and facing only on the circle, were omitted altogether. If these lots had been assessed at a merely nominal sum, it is not pretended that there would be any just ground of complaint with the action of the assessors. On the contrary, that would clearly have been just and equitable. Indeed, the petitioner's own rear lot was assessed at but $14; and even that was without doubt because it faced upon Broadway, and was deemed to be liable for a small proportion of the work done at the intersection of that street with Fifty-eighth street. So far as the question under consideration is concerned, there is no just distinction between the right to fix a nominal sum, and to omit altogether. If the assessors had the power to impose an assessment of but one dollar, and such exercise of power would have been fair and reasonable, it can scarcely be said that they were guilty of a fraud, either in law or in fact, or even of substantial error, in fixing no sum at all.

Although this was, the only question considered at special term, it is claimed that the assessment might have been vacated upon two other grounds. First, that certain lots belonging to the petitioner, claimed to have been exempt from the assessment, were included therein; and, Second, that $2,400 expended for the laying of cross-walks were not incurred pursuant to law, in that proposals for that work were not separately advertised for.

The first ground undoubtedly rests upon the theory that the petitioner's own property forms an independent block, bounded immediately in the rear by the circle. But the "half-block" contemplated by the statute is half the distance between the street paved and the next street. This latter according to the maps in the case, is Fifty-ninth street, and not the "circle," and the entire property of the petitioner plainly extends over less than half the distance between these streets. The original notice given by the assessors included all the lots on Fifty-eighth street, "to the extent of half the block on the intersecting streets." Here Eighth avenue is an intersecting street, and the petitioner's lots lie within half the block thereon, between Fifty-eighth and Fifty-ninth streets. The testimony of Boyle, city surveyor, fails to identify

the lots in question, and is not clear as to the block itself, which he describes as on the north side of Fifty-eighth street, at the intersection of Eighth avenue and Broadway, while it appears by the map that such intersection takes place at Fifty-ninth street. Be that as it may, the burden was upon the petitioner of proving clearly and without doubt that his lots were not within the half-block contemplated by the statute. In this he has failed, and we think the preponderance of proof is decidedly the other way.

As to the remaining ground, it appears to have been the custom to include the cross-walks in the main contract for paving the street. It was treated as one entire job; and under the general advertisement, proposals were received for the cross-walks as well, and the contract therefor was awarded without any separate advertisement. Strictly speaking, this was irregular, and probably, in an action by the contractor for the work done upon the cross-walks, the city could have successfully defended. But it does not follow that there was any corrupt intention, or any fraud in fact. There is no evidence that the contract price was excessive or unreasonable, and no attempt to prove even that the work upon the cross-walks was badly done, or that it could have been performed for a less price. It has been expressly held that assessments should not be set aside upon such grounds. *Miller's Case,* 12 Abb. 121 ; *Horn's Case,* id. 124.

It is true that persons assessed are entitled to the benefit and security of all checks and safeguards against fraud, with which the law surrounds the heads of departments and other officials, but it would be unreasonable to cast the burden of all assessments upon the general tax-payers, merely because of adherence to a custom as to the legality of which there might be an honest mistake, or because of some error of judgment, or even neglect not involving moral turpitude. As we held, *Petition of Folsom,* 2 N. Y. Sup. 55, it is for the petitioner in each case where general jurisdiction has been acquired to show that he has been prejudiced as a matter of fact. This the present petitioner has entirely failed to do. Still less has he shown fraud or substantial error. Upon general principles, therefore, as well as in view of recent statutes, (Laws of 1874, chaps. 312 and 313), this assessment should be sustained. We may add (and the remark is applicable to all the grounds upon which it is sought to vacate this assessment) that if we had come to a different conclusion, the vacation of the assessment would not

have followed, but simply a proportionate deduction under the act of 1870, chap. 383, § 27.

This was the course adopted in *Matter of Wilks* and in *Matter of McCormack*, 10 Abb. N. S. 234, and we would have followed these cases, and simply directed such proportionate deduction, but for the later enactments to which we have referred. The act complained of may have been a "legal irregularity" within the statute of 1858, but further proof was required to justify our holding the error to have been "*substantial*" within the meaning of the act of 1874 (chap. 312).

For these reasons the order appealed from should be reversed with $10 costs and the disbursements of the appeal, and the motion to vacate the assessment denied with $10 costs.

*Order reversed.*